NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: DODOTS LICENSING SOLUTIONS LLC,**
*Petitioner*

---

2024-100

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:22-cv-00533-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before PROST, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

### O R D E R

The United States District Court for the Western District of Texas ("WDTX") transferred DoDots Licensing Solutions LLC ("DoDots)'s patent infringement case against Apple Inc. to the United States District Court for the Northern District of California ("NDCA"). DoDots petitions for a writ of mandamus to undo transfer. We deny the petition.

DoDots filed this suit in the Waco Division of the WDTX, accusing various Apple mobile phone, tablet

computer, and smartwatch products of infringing three patents. Apple moved to transfer the case to the NDCA pursuant to 28 U.S.C. § 1404(a), noting that knowledgeable Apple employees and potential sources of evidence are in or close to NDCA; that the majority of the development of the accused functionality occurred at Apple's headquarters in that forum; that several inventors also reside there; and that DoDots has meaningful connections to NDCA and no meaningful connection to WDTX.

After analyzing the public and private interest factors that govern transfer determinations under law of the United States Court of Appeals for the Fifth Circuit, the district court concluded that Apple established that the NDCA was clearly more convenient. In particular, the district court found that, while the practical problems factor weighed slightly against transfer, the witness convenience and access to sources of proof factors weighed in favor of transfer. The court further concluded that the compulsory process factor and local interest factor at least slightly favored transfer. The court found that the remaining factors were neutral. On balance, the court found good cause to transfer, and therefore granted Apple's motion.

We have jurisdiction to consider DoDots' petition seeking a writ of mandamus under 28 U.S.C. §§ 1651 and 1295. We apply regional circuit law when reviewing motions to transfer under § 1404(a). *In re Juniper Networks, Inc.*, 14 F.4th 1313 (Fed. Cir. 2021). We review transfer decisions in cases arising on mandamus from district courts in the Fifth Circuit only for "clear abuses of discretion that produce patently erroneous results." *In re Planned Parenthood Fed. Am. et al.*, 52 F.4th 625 (5th Cir. 2022) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc)). The district court did not clearly abuse its discretion in granting transfer here.

The district court found that the WDTX-based Apple employees DoDots identified had limited or no knowledge

of the accused functionality. And it accorded those individuals less significance in the transfer analysis than Apple employees in or close to NDCA who the court found had relevant and material information. The district court's determination that the willing witness factor weighed in favor of transfer, based on its evaluation of the specific record in this case regarding which individuals have relevant and material information, was not error, let alone, a clear abuse of discretion. *See In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (explaining that a district court should "assess the relevance and materiality of the information the witness[es] may provide.").

DoDots has also not shown a clear abuse of discretion in the court's assessment of the other factors. Although Apple relied on electronic sources of proof in NDCA, only Apple employees in NDCA are credentialed to access that information, so the sources of proof factor was correctly found to favor transfer. *See In re TikTok, Inc.*, 85 F. 4th 352, 359 (5th Cir. 2023) ("[T]he key evidence may be electronic, but unlike in *Planned Parenthood*, it is not 'equally accessible in either forum.' 52 F.4th at 630."). The court also found that the compulsory process factor slightly favored transfer in part because third parties in NDCA include patent inventors and a prior patent owner that DoDots represented "will be a witness at trial." Appx19 (citation omitted). DoDots has not made a persuasive case that the district court erred in making that finding.

Accordingly,

4                              IN RE: DODOTS LICENSING SOLUTIONS LLC

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

December 14, 2023
Date